# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00010-PLC |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Anthony Johnson's pro se complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file a motion for leave to proceed in forma pauperis or pay the $400 filing fee.

### Background

On February 4, 2019, four inmates at the Moberly Correctional Center (MCC) in Moberly, Missouri, including plaintiff, filed a lawsuit pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint names sixteen separate defendants and purports to be a "class action lawsuit." However, the Court does not allow prisoners to join together and proceed in forma pauperis in a single lawsuit. Accordingly, the complaint was severed, and new cases opened for each individual inmate. The complaint before the Court alleges many unrelated claims against defendants, including a denial of medical care, inhumane conditions of confinement, improper censorship, and a lack of adequate legal resources.

**Discussion**

This action is subject to dismissal for several reasons. First, the complaint alleges violations of the rights of a group of inmates as a whole. While federal law authorizes plaintiff to plead his own conduct personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Additionally, the complaint alleges a number of unrelated claims against a total of 16 defendants. This is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

The complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment of a pleading shall be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Furthermore, the complaint is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed in forma pauperis.

The Court will give plaintiff the opportunity to file an amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a

short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. Plaintiff must also sign the amended complaint. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees*

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Additionally, plaintiff must either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis. If plaintiff files a motion for leave to proceed in forma pauperis, it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. If plaintiff fails to pay the filing fee or file a motion for leave to proceed in forma pauperis within thirty days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed in forma pauperis form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

**If plaintiff fails to timely comply with this order, the Court will strike the complaint and will dismiss this action, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26tb day of February, 2019