# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

ANTHONY JOHNSON,              )
                                        )
          Plaintiff,            )
                                        )
          v.                      )          No. 2:19CV10 PLC
                                        )
ANNE PRECYTHE, et al.,       )
                                        )
                                        )
          Defendants.        )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On February 26, 2019, plaintiff Anthony Johnson was ordered to file an amended complaint. (Docket No. 4). He was also ordered to either file a motion for leave to proceed in forma pauperis or pay the entire filing fee. Plaintiff has failed to respond. Therefore, for the reasons discussed below, plaintiff's complaint will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Discussion

Plaintiff is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. On February 12, 2019, four inmates, including plaintiff, jointly filed a complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The Court does not allow prisoners to join together and proceed in forma pauperis in a single lawsuit. Accordingly, the complaint was severed and the Clerk of Court was directed to open separate cases for each of the plaintiffs. (Docket No. 3).

On February 26, 2019, the Court directed plaintiff to file an amended complaint and to either file a motion to proceed in forma pauperis or pay the filing fee. The Court noted that plaintiff's action was subject to dismissal for several reasons. First, the complaint alleges

violations of the rights of a group of inmates as a whole. However, while federal law authorizes

plaintiff to plead his own conduct, he lacks standing to bring claims on behalf of others. *See*

*Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing

requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim

to relief on the legal rights or interests of third parties"). Moreover, a non-attorney pro se litigant

may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142

F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a

person may not appear on another's behalf in the other's cause…A person must be litigating an

interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986)

(stating that a person who is not licensed to practice law may not represent another individual in

federal court).

Additionally, the complaint alleges a number of unrelated claims against a total of 16

defendants. This is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of

Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any
> right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a)(2). The inclusion of unrelated claims against a number of different

defendants violates this rule.

The complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule

8 requires that plaintiff's complaint contain a short and plain statement of the claim showing

entitlement to relief. *See* Fed. R. Civ. P. 8(a). It also requires that each averment of a pleading be

simple, concise and direct. *See* Fed. R. Civ. P. 8(d)(1). Rule 10 requires plaintiff to state his

claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. *See* Fed. R. Civ. P. 10(b).

Furthermore, the complaint is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party such as plaintiff to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." *See* Fed. R. Civ. P. 11(a). Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed in forma pauperis.

Plaintiff was given an opportunity to remedy these defects. The Clerk of Court was directed to send him a civil rights complaint form. The Court also provided instructions on filling out his complaint. Plaintiff was directed to sign his complaint and to either file a motion for leave to proceed in forma pauperis or pay the filing fee. He was given thirty days in which to comply with these instructions. The Court advised plaintiff that if he did not comply, his case would be dismissed without prejudice.

Plaintiff's thirty-day period in which to file an amended complaint and to either file a motion for leave to proceed in forma pauperis or pay the filing fee has expired. He has not filed a response of any kind. Under Rule 41(b), an action may be dismissed for failing to comply with a court order. *See* Fed. R. Civ. P. 41(b). As plaintiff has not complied with the Court's order of February 26, 2019, his action must be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 26, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE